UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.     Case Nos.:   3:06cr442/LC/CJK
                    3:14cv337/LC/CJK

DARREGUS T. ROBINSON
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant/Petitioner Robinson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 98). Robinson's motion is not on the proper form for use in section 2255 cases in this district. The court will not require him to amend, however, as Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Darregus Robinson pleaded guilty to an eleven count indictment in which he was charged with car jacking and firearms offenses (docs. 1, 29). The court sentenced him to concurrent terms of 60 months imprisonment on Counts 1, 3, 5, 7, 9 and 11, a consecutive term of 60 months imprisonment on Count 2, and consecutive terms of 150 months imprisonment on Counts 4, 6, 8 and 10 for a total term of 720 months imprisonment (doc. 39). The court entered judgment on February 16, 2007, and he did not appeal.

Robinson filed an unsigned "Petition for Writ of Habeas Corpus Ad Subjiciendum" [sic] 28 U.S.C. § 2241(c)(3) in this court on February 9, 2014, while he was incarcerated in the U.S. Penitentiary in Florence, Colorado (*see* case 3:14cv106/LC/CJK). Robinson wrote the instant criminal case number on the pleading, which the clerk opened as a new petition pursuant to §2241 in accordance with the title Robinson assigned to the pleading (doc. 1). Because the submission was not on the proper form, the court directed Robinson to file an amended petition using the Northern District of Florida form and to submit either an in forma pauperis motion or the $5.00 filing fee (doc. 3). Petitioner Robinson moved to extend the time to comply, noting a new address (docs. 4, 5). The court granted this motion, as well as a second motion to extend time (docs. 6–8). Robinson then filed a motion for leave to proceed in forma pauperis and a motion for appointment of counsel (docs. 9, 10). The court denied the motion for appointment of counsel and transferred the § 2241 petition to the Central District of California, where Petitioner was then incarcerated.

The U.S. District Court for the Central District of California issued a memorandum and order transferring the petition back to this court (doc. 98-1). In so doing, it noted that Petitioner seeks to challenge the sentence imposed by this district court, and allowed that, despite Petitioner's labeling of the instant action, it is "more correctly construed as a motion pursuant to 28 U.S.C. § 2255." The California court found that the "savings clause" of § 2255 did not apply, because Petitioner did not allege and nothing in the record suggested, that his remedies under § 2255 were "inadequate or ineffective." Specifically, Robinson had not made a claim of actual innocence and had not had an "unobstructed procedural shot" at presenting his claim, as required under Ninth Circuit case law in order to proceed under § 2241. In lieu of dismissing the case upon this finding, the court transferred it back to this court for consideration as a § 2255 motion (*see* doc. 98-1).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Construed as a § 2255 motion, Robinson's submission is facially untimely. Unless he establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins*

*v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)).  Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)).  Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012).  It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286).  The onus is on the moving defendant to show that he is entitled to this extraordinary relief.  *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040.  The court will not relieve a litigant who has sat upon his rights.  *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)).

Robinson raises four claims, alleging that (1) the district court erred in imposing multiple sentences based upon a single indictment; (2) the district court erred in imposing multiple sentences for offenses that were part of a "single common scheme;" (3) the district court erred in sentencing him as an armed career offender; and (4) counsel's performance was constitutionally ineffective at sentencing.  A cursory review of the petition reveals that Robinson could have raised his first, second and fourth claims previously, and there is no apparent basis for the court to apply the doctrine of equitable tolling to these claims.  Robinson's third claim, which

appears to be loosely based on a 2013 Eleventh Circuit decision, will be addressed in the following limited manner.

Robinson cites *Bryant v. Warden*, 738 F.3d 1253 (11th Cir. 2013) in support of this claim for relief. In *Bryant*, the Eleventh Circuit found that § 2255 was inadequate or ineffective to test the legality of petitioner's sentence, where petitioner established that his sentence exceeded the 10-year statutory maximum penalty, but circuit precedent had previously foreclosed his claim. In this case, Robinson's third claim for relief is that the district court erred in sentencing him under the Armed Career Criminal Act. The Act imposes a mandatory minimum sentence of fifteen years for violations of § 922(g), which is colloquially referred to as "felon in possession," when the offender has three or more qualifying convictions. 18 U.S.C. § 924(e); see *United States v. Schneider*, 681 F.3d 1273, 1278 (11th Cir. 2012). The record reflects that Robinson was not sentenced under the ACCA, so even if there were any basis for the court to excuse his untimely filing, there is no factual basis for the claim. Robinson's motion, construed as a § 2255 motion, should be summarily denied as untimely.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84

(2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (doc. 98) be summarily **DENIED and DISMISSED** as untimely.

2.  A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 21st day of July, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**

Case Nos.: 3:06cr442/LC/CJK; 3:14cv337/LC/CJK