IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:  3:06cr442/LAC/HTC
                                                   3:16cv349/LAC/HTC

DARREGUS T. ROBINSON

---

## ORDER and
## AMENDED REPORT AND RECOMMENDATION[1]

This matter is before the Court upon Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." ECF Doc. 120.   The Government has filed a response (ECF Doc. 131) and Defendant has filed a reply (ECF Doc. 134).   Defendant also filed pleadings styled "Request . . . . . Leave to File Amended 28 U.S.C. § 2255(f)(3) Petition" (ECF Doc. 135); "Request . . . Permission to File Amended Petition for Writ of Habeas Corpus Adsubjiciendum, 28 U.S.C. § 2255(f)(3)" (ECF Doc. 136) and "On Request . . . Opening for Bargining (sic) Terms of Imprisonment in Light of Recently Passed Criminal Justice Reform Bill" (ECF Doc. 138).

---

[1] The undersigned's previous Report and Recommendation (ECF Doc. 141) is being amended to correct a typographical error.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, the undersigned recommends that the § 2255 motion (ECF Doc. 120) be denied without an evidentiary hearing. The motion is based on claims which are time-barred or are otherwise unsupported by relevant authority. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases. The undersigned also recommends that the related motions to amend (ECF Docs. 135, 136) be denied as the requested amendments are futile. Finally, the undersigned recommends the request for miscellaneous relief (ECF Doc. 138), which appears to be an attempt to add a supplemental ground in support of the § 2255 motion, be denied as the additional ground asserted is also without merit.

## PROCEDURAL BACKGROUND

On October 17, 2006, a grand jury returned an eleven-count indictment against Defendant Darregus Robinson and co-defendant Bennie L. Giles. ECF Doc. 1. Robinson was charged with three distinct armed car jackings, two separate armed robberies, and possession of a firearm by a convicted felon. The offenses

were charged as follows: Counts One, Three, and Five, carjacking in violation of 18 U.S.C. §§ 2119 and 2; Counts Two, Four and Six, use of a firearm during and in relation to the aforementioned car jackings in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; Counts Seven and Nine, Hobbs Act Robbery in violation of 18 U.S.C. §§ 1951 and 2; Counts Eight and Ten, use of a firearm during and in relation to the aforementioned robberies in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; and Count Eleven, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).    *Id.*    The offenses allegedly occurred between November 18, 2005 and December 7, 2005. *Id.*

Represented by attorney Donald Sheehan, Defendant entered a guilty plea as charged in the indictment.    ECF Docs. 28, 29, 129.    Before Defendant pled guilty, as is customary, the Government stated on the record the facts it was prepared to prove as to each of the offenses if the case went to trial.    *See* ECF Doc. 129 at 11-14.    Defendant admitted the facts were true and correct and that he did what the Government says he did.    ECF Doc. 129 at 16.

The Presentence Investigation Report ("PSR") was prepared using the 2006 edition of the Guidelines Manual.    ECF Doc. 140.    The adjusted offense level for each of the three carjacking charges, calculated separately, was 23.    PSR ¶s 26-49.

The adjusted offense level on each of the two robberies was 20 (Count Seven) and 22 (Count Nine).   PSR ¶s 50-64.   After the multiple count adjustment, Defendant's combined adjusted offense level was 27.   PSR ¶s 65-73. Defendant's three-level adjustment for acceptance of responsibility reduced his total offense level to 24.   PSR ¶s 74-77.   Defendant had fourteen criminal history points, yielding a criminal history category of VI.   PSR ¶s 87-90.   The applicable guidelines range for a total offense level of 24 and a criminal history category of VI was 100 to 125 months.   Defendant's sentence was largely driven by the statutory terms applicable to the § 924(c) offenses.

The PSR reflects the statutory maximum term of imprisonment on each of the carjacking offenses charged in Counts One, Three and Five was 15 years.   PSR ¶ 118.   Count Two (using a firearm in the commission of the carjacking) carried a mandatory minimum consecutive term of 10 years with a maximum of life.   *Id.* There was a 25-year mandatory minimum term of imprisonment on Counts Four, Six, Eight and Ten, each of which also had to run consecutively to all other counts.[2]

---

[2] Under § 924(c), the penalty for a first time offense for using or carrying a firearm in furtherance of a crime of violence is a minimum of not less than 10 years if the firearm is discharged, § 924(c)(1)(A)(iii), and increases to a minimum of 25 years for a second or subsequent violation. 18 U.S.C. § 924(c)(1)(C)(ii).

Case Nos.: 3:06cr442/LAC/HTC; 3:16cv349/LAC/HTC

*Id.* The Hobbs Act Robbery offenses charged in Counts Seven and Nine had maximum terms of 20 years' imprisonment, and the felon in possession offense charged in Count Eleven had a maximum term of 10 years' imprisonment. *Id.* Because Counts Two, Four, Six, Eight and Ten were to run consecutively, Defendant faced an additional 110 years of imprisonment in addition to his guidelines sentence. PSR ¶ 119.

Before Defendant's sentencing, the Government filed a sealed motion with the district court. ECF Doc. 35. At sentencing, Defendant's attorney read a brief statement Defendant had prepared and asked for mercy on his client's behalf. ECF Doc. 130 at 3-6. The Court departed from the applicable guidelines range and on February 16, 2007, sentenced Defendant to a total term of 720 months (60 years) ECF Doc. 130 at 7-8; ECF Docs. 39, 40. Defendant did not file a direct appeal. Defendant's judgment thus became final when the fourteen-day time period for filing an appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); *see also Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000).

Defendant filed an unsigned "Petition for Writ of Habeas Corpus Ad Subjiciendum [sic] 28 U.S.C. § 2241(c)(3)" dated February 9, 2014, with this Court. *See* Case 3:14cv106/LAC/CJK. Defendant was incarcerated in Colorado at the

time.    Case 3:14cv106/LAC/CJK, ECF Doc. 1 at 28.    Although Defendant's submission bore the criminal case number in this case, the clerk docketed the pleading as it was styled and opened a new case under 28 U.S.C. § 2241.    The magistrate judge directed Defendant to file an amended petition on the proper court form.    Case 3:14cv106/LAC/CJK, ECF Doc. 3.    Defendant moved for, and was granted, extensions of time to comply.    Case 3:14cv106/LAC/CJK, ECF Docs. 4, 6, 7, 8.    After he moved for appointment of counsel, the Court denied the motion and transferred the case to the Central District of California, where Defendant was then incarcerated.    Case 3:14cv106/LAC/CJK, ECF Docs. 10, 11.

The United States District Court for the Central District of California issued a memorandum and order transferring the petition back to this district.    ECF Doc. 98-1.    In its order, the California court noted the transfer was "based upon petitioner's mislabeling the action as one brought pursuant to 28 U.S.C. § 2241," and that the action was "more correctly construed as a motion pursuant to 28 U.S.C. § 2255."    ECF Doc. 98-1 at 2, n.1.    When the case was transferred back to this Court, the clerk docketed the petition as a motion pursuant to 28 U.S.C. § 2255 and opened a corresponding civil case (3:14cv337/LAC), and this Court treated the petition as a § 2255 motion.    ECF Doc. 98.

Case Nos.: 3:06cr442/LAC/HTC; 3:16cv349/LAC/HTC

In Defendant's 2014 § 2255 motion, he raised the following four (4) claims:

(1) The district court erred in imposing multiple sentences based upon a single indictment;

(2) The district court erred in imposing multiple sentences for offenses that were part of a "single common scheme;"

(3) The district court erred in sentencing him as an armed career offender; and

(4) Counsel's performance was constitutionally ineffective at sentencing.

ECF Doc. 98.

The Magistrate Judge recommended the 2014 § 2255 motion be summarily dismissed, finding that claims 1, 2 and 4 were untimely and should have been raised in a direct appeal and claim 3 was without merit because the Defendant had not been sentenced as an armed career criminal.    ECF Doc. 99.    The District Judge adopted the Report and Recommendation and issued an order dismissing and denying Defendant's 2014 § 2255 motion.    ECF Doc. 100.    The Defendant filed an objection to the Report and Recommendation, which was not received by the clerk until after the entry of judgment.    ECF Doc. 102.    Nonetheless, the District Judge considered the objections as timely and again concluded that the Report and Recommendation should be adopted.    ECF Doc. 103.    Defendant appealed the District Court's decision to the Eleventh Circuit Court of Appeals (ECF Doc. 104),

and in 2015 the appellate court denied Defendant's request for a certificate of appealability, as well as his motion for reconsideration.    ECF Docs. 112, 113.

In June 2016, Defendant petitioned the Eleventh Circuit for leave to file a second or successive § 2255 motion, indicating in his proposed second § 2255 motion that he wanted to assert claims based on *Johnson v. United States*, 135 S.Ct. 2251 (2015).    ECF Doc. 117; *see* 28 U.S.C. § 2255(h).    On June 27, 2016, the appellate court denied the petition as unnecessary, finding that Defendant's proposed second § 2255 motion was not successive since there was no evidence he had been given proper warning, pursuant to *Castro v. United States*, 540 U.S. 375 (2003), before his § 2241 petition was converted to a § 2255 motion.[3]    ECF Doc. 117 at 2.

Pursuant to the mailbox rule,[4] Defendant filed the instant § 2255 motion, using the motion form for the Northern District of Florida, and attaching additional

---

[3] Pursuant to *Castro*, "when a district court recharacterizes a pro se litigant's post-conviction motion as an initial § 2255 motion, it must notify the litigant of the intended recharacterization, warn the litigant that any future § 2255 motions will be subject to restrictions on 'second or successive' motions, and give the litigant an opportunity to either withdraw or amend the motion to add all the § 2255 claims he believes that he has."    ECF Doc. 117 at 2, citing *Castro*, 540 U.S. at 383.

[4] Under the "prison mailbox rule," a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.    *See* Fed. R. App. P. 4(c); *Williams v. McNeil*, 557 F.3d 1287, 1290 fn. 2 (11th Cir. 2009).    Here, the certificate of service included with Defendant's motion contains a June 29, 2016 date, as the date he delivered the motion to prison authorities.

pages of argument and other requests.    ECF Doc. 120 at 5.    While Defendant has

broken down his claims into five (5) grounds (ECF Doc. 120 at 3-4), eight (8) points

of argument (ECF Doc. 120 at 11-12) and nine (9) questions presented (ECF Doc.

120 at 19-20), all the grounds, points of argument and questions presented cover the

same claims.    Thus, for purposes of this Report and Recommendation, the

undersigned will address the eight (8) points of argument as that is how the

Government's response has been fashioned and will also address the one remaining

question presented that is not contained in the points of argument.    ECF Doc. 120

at 21-39.

ANALYSIS

A. <u>Claims Which Are Time-Barred</u>

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of

motions under this section.    This one-year period runs from the latest of four

possible events, including "the date on which the judgment of conviction becomes

final" or "the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review."[5]    28 U.S.C. § 2255

---

[5]   The other triggering events are (2) the date on which the impediment to making a motion created

Case Nos.: 3:06cr442/LAC/HTC; 3:16cv349/LAC/HTC

(f)(1) and (3).    Thus, any claims Defendant asserts in this § 2255 motion, which could have been brought on direct appeal, would be time-barred as the instant motion was not filed until more than nine (9) years *after* Defendant's judgment of conviction became final.

That, however, does not end the analysis as it appears that Defendant is trying to "re-start" the statute of limitations on all his claims by including claims based, directly or indirectly, on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).    Under § 2255(f), *Johnson* extended the statute of limitations to June 26, 2016 (one year after it was decided).[6]    *See Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017).    A timely *Johnson* claim, however, does not open the door for a litigant to assert other claims unrelated to *Johnson*, which are otherwise time-barred.    Instead, the timeliness of each claim must be

---

by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by governmental action and (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.    *See* 28 U.S.C. § 2255(f)(1), (2).    These provisions do not apply to Defendant's pending motion.

[6] Although the instant motion was filed 3 days and one year after *Johnson* had been decided, the Government does not argue Defendant's *Johnson* claims are untimely.    Additionally, since the Eleventh Circuit did not render its decision on Defendant's motion to file a successive or second § 2255 motion until June 27, 2016, *after* the deadline for filing a *Johnson* claim had expired, the undersigned is treating the *Johnson* argument as timely, and nonetheless recommends dismissal on the merits.

Case Nos.: 3:06cr442/LAC/HTC; 3:16cv349/LAC/HTC

assessed individually.  *See id.* at 1220 (holding that defendant's claim of error based on *Descamps v. United States,* 570 U.S. 254 (2013), was time-barred but that it was error for the court to dismiss the entire motion on timeliness grounds, when the motion also included a *Johnson* claim, which was timely); *Zack v. Tucker*, 704 F. 3d 917, 922-926 (11th Cir. 2013) (overruling the court's prior decision in *Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003) and holding that "the statute of limitations in § 2255 applies on a claim-by-claim basis in a multiple trigger date case").  In other words, a timely *Johnson* claim cannot be used to revive otherwise untimely claims.  As the Eleventh Circuit stated in *Zack*, "we see no reason why a habeas petitioner who allows his judgment to become final should be permitted, by the happenstance of an intervening decision or the discovery of new evidence, to reopen claims that he could have raised earlier but did not."  *See id*. at 926.

Accordingly, the following claims, which are not based in any way on *Johnson,* are time-barred:

> Point of Argument One: The District Court erred by sentencing Defendant to multiple assessments from one indictment in violation of the 5th, 6th, 8th and 14th Amendments.

> Point of Argument Two: The District Court erred by sentencing Defendant for multiple offenses that occurred from a single common scheme and were consolidated for trial and sentencing that were from one arrest in violation of the 5th, 6th, 8th and 14th Amendments.

Case Nos.: 3:06cr442/LAC/HTC; 3:16cv349/LAC/HTC

Point of Argument Seven: Defendant's attorney at sentencing and post-conviction was ineffective in violation of the 6th Amendment.

Point of Argument Eight:    The District Court erred by sentencing Defendant to multiple 18 U.S.C. § 924(c) firearm offenses when there was only one instance in which an actual firearm was used.

Question Presented #8:    Defendant should be granted relief based on a fundamental injustice when Defendant was never in possession of a dangerous weapon (firearm) as to counts 3, 5, 7 and 9 of his conviction.

ECF Doc. 120 at 11-12, 20.[7]   Indeed, points of argument 1, 2 and 7 were included in the Defendant's 2014 § 2255 motion and were previously determined by this Court as being time-barred.[8]   ECF Docs. 99, 100, 103.

B. <u>Defendant's Purported "*Johnson*" Claims</u>

Defendant's remaining points of argument (points Three, Four, Five and Six), challenge the constitutionality of § 924(c), and rely, either explicitly or implicitly, on the Supreme Court's decision in *Johnson*:    Those points of argument are as follows:

---

[7] Points of arguments 1, 2, 7 and 8, are identical to "questions presented" 1, 2, 5 and 6, and "grounds" 1, 2, 4 and 5, of Defendant's motion.   ECF Doc. 120.

[8] These claims would not be time-barred if equitable tolling applied.   However, Defendant has presented no facts or argument to warrant the application of equitable tolling.   Indeed, this Court has already determined that equitable tolling is inapplicable to these claims.   ECF Docs. 99, 100, 103.

Case Nos.: 3:06cr442/LAC/HTC; 3:16cv349/LAC/HTC

Point of Argument Three: 18 U.S.C. § 924(c) is constitutionally vague because it is arbitrarily enforced and is capricious and discriminatory.

Point of Argument Four: *Johnson* announced a substantive rule that has retroactive effect in cases on collateral review.

Point of Argument Five: The vagueness doctrine applies to laws that prohibit conduct and fix punishments.

Point of Argument Six: Defendant's underlying § 1951(A) offenses do not meet the requirements to qualify as crimes of violence under the force clause of § 924(c).

ECF Doc. 120 at 12.[9]    *Johnson*, however, is inapplicable to the facts of this case and thus does not entitle Defendant to relief.

1.   The Defendant was not sentenced under the ACCA.

In *Johnson*, the United States Supreme Court addressed the statutory definition of a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), and held that imposing an increased sentence under the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), violates the Constitution's guarantee of due process.    135 S. Ct. at 2557-2558.    The Court also held that *Johnson* can be retroactively applied on a collateral review.    *Welch v. United States*,

---

[9] Points three and five are similar to question presented number 7 and ground number 2; point four is similar to question presented 3 and point six is similar to question presented 4 and ground 3. ECF Doc. 120, 19-20.

Case Nos.: 3:06cr442/LAC/HTC; 3:16cv349/LAC/HTC

136 S. Ct. 1257 (2016).    As this Court has already determined, however,

Defendant's convictions and sentences here were made pursuant to 18 U.S.C. §

924(c) and not the ACCA.    ECF Doc. 99.    Indeed, this was claim number 3 of

Defendant's 2014 § 2255 motion.    Thus, *Johnson* is inapplicable, and point of

argument four, that *Johnson* announced a substantive rule that has retroactive effect

in cases on collateral review, while a correct statement of the law, is of no benefit to

Defendant.

      2.   *Johnson* does not apply to § 924(c).

Section 924(c) relies on a separate definition of a crime of violence than that

contained in *Johnson*.    Defendant's suggestion that *Johnson* be extended to §

924(c) and that he be entitled to sentencing relief is simply without merit.    Indeed,

the Eleventh Circuit recently explicitly rejected such an argument.

Section 924(c)(3) defines a crime of violence as an offense that is a felony

and:

    (A)  has as an element the use, attempted use, or threatened use of physical
        force against the person or property of another, or

    (B)  that by its nature involves a substantial risk that physical force against
        the persons or property of another may be used in the course of committing
        the offense.

18 U.S.C. § 924(c)(3)(A) and (B).    Subsection (B) is § 924(c)'s residual clause. Although subsection (B) is similar to the ACCA's residual clause, the Eleventh Circuit has held, *en banc*, after *Johnson*, that § 924(c)(3)(B) is not unconstitutionally vague because it requires a conduct-based, rather than a categorical approach to determining whether an offense is a crime of violence.    *Ovalles v. United States*, 905 F. 3d 1231 1253 (11th Cir. 2018).    Judge Newsom, writing for the circuit, stated that § 924(c) "serves an altogether different function from the statute[] at issue in *Johnson*" and held "if § 924(c)(3)(B) is interpreted to embody a conduct-based approach – as we have held it should be – there is no reason whatsoever to doubt its constitutionality."    *See id.* (internal quotations omitted).

After *Ovalles* was decided, the circuit had another opportunity to address the very arguments being made by Defendant here, that is – the effect of *Johnson* on a sentence under section 924(c).    *See In re Garrett*, 908 F. 3d 686, 688 (11th Cir. 2018).    The petitioner in *Garrett*, sought to file a second or successive § 2255 motion, invoking *Johnson* to challenge the residual clause of § 924(c).    In holding that *Johnson* does not apply, and therefore denying the motion, the court held that *Johnson* "leave[s] section 924(c)(3)(B) unscathed because, as we held in *Ovalles*, 'the question whether a predicate offense constitutes a 'crime of violence' within the

Case Nos.: 3:06cr442/LAC/HTC; 3:16cv349/LAC/HTC

meaning of section 924(c)(3)(B) should be determined using a conduct-based approach that accounts for the actual, real-world facts of the crime's commission, rather than a categorical approach." *See id*. at 689.   The court further held that *Johnson* does not supply "any 'rule of constitutional law'---'new' or old, 'retroactive' or nonretroactive, 'previously unavailable' or otherwise—that can support a vagueness-based challenge to the residual clause of section 924(c)."   *Id*. The *Garrett* decision is particularly instructive because the court went on to address whether it makes a difference that the petitioner was sentenced *before* the circuit's decision in *Ovalles* and concluded that it does not.   *Id.*   The court found that the substitution of one "interpretation of a statute for another never amounts to a 'new rule of constitutional law' not even when it comes from the Supreme Court."   *Id.* (citing *Gray-Bey v. United States*, 209 F.3d 986, 988–89 (7th Cir. 2000) (explaining that the Supreme Court did not establish a new rule of constitutional law when it abrogated several circuits' interpretation of section 924(c) in *Bailey v. United States*, 516 U.S. 137 (1995)).   Thus, as the court concluded in *Garrett*, *Johnson* "does not suppl[y] any rule of constitutional law on which a vagueness challenge to section 924(c) can be based."   Accordingly, the Defendant's purported *Johnson* arguments simply cannot be used to attack § 924(c).

3.  Defendant was not sentenced under § 924(c)'s residual clause.

Even if *Johnson* applied to § 924(c), which it does not, Defendant's attempt to take advantage of *Johnson* would nonetheless be factually improper because Defendant was not sentenced under §924(c)(3)(B).   Instead, Defendant's § 924(c) convictions were based on predicate offenses that were crimes of violence based on the "force" clause, § 924(c)(3)(A).   The Eleventh Circuit has held that both carjacking and Hobbs Act Robbery meet the requirements of the force clause in § 924(c)(3)(A).   *See In re Smith*, 829 F. 3d 1276, 1280 (11th Cir. 2016) (carjacking); *In re Saint Fleur*, 824 F. 3d 1337 (11th Cir. 2016) (Hobbs Act Robbery).

C.  Defendant's other pending motions

In two separate motions, Defendant has moved to amend his pending § 2255 motion based on *Dean v. United States*, 137 S. Ct. 1170 (2017).   ECF Docs. 135, 136.   Defendant claims that *Dean* is a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.   He is mistaken.

In *Dean,* the Supreme Court held that a sentencing court may consider "a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense."   *Dean,* 137 S. Ct. at 1178.   Otherwise stated, a court may determine that a just sentence for the predicate count is less than the applicable

Case Nos.: 3:06cr442/LAC/HTC; 3:16cv349/LAC/HTC

advisory guidelines range in light of the mandatory consecutive sentence on the 924(c) count. *Dean*, however, is of no benefit to the Defendant because it is a procedural rule, rather than a substantive rule, and has no retroactive effect. *See Morales-Avila v. United States*, Case 1:12-CR-0079-ODE-RGV-4, 1:17-CV-1669-ODE-RGV, 2017 WL 9440380, at *3 (N.D. Ga. Aug. 4, 2017) *(*citing *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *Teague v. Lane*, 489 U.S. 288, 310 (1989), recommendation adopted 2017 WL 3948926 (N.D. Ga. Sept. 8, 2017); *compare Fleur v. United States*, Case Nos. 17-21610-Civ-COOKE, 09-21075-Cr-COOKE, 2017 WL 2684601 (S.D. Fla. May 3, 2017) (neither the Supreme Court nor the Eleventh Circuit have made *Dean* retroactively applicable to cases on collateral review); *United States v. Johnson*, Case No. 3:08cr102/MCR/EMT, 3:18cv02/MCR/EMT, 2018 WL 2188003 (N.D. Fla. Jan. 19, 2018) (Supreme Court has not held that *Dean* is retroactive on collateral review); *see also Habeck v. United States*, 741 F. App'x 953, 954 (4th Cir. 2018) (petitioner failed to meet requirements of § 2255 savings clause because *Dean* has not been held to apply retroactively on collateral review); *In re Dockery*, 869 F. 3d 356 (5th Cir. 2017) (petitioner failed to show that *Dean* announced a new rule of constitutional law that was made retroactive

to cases on collateral review.)    As such, Defendant's motions to amend based on *Dean* should be denied, as any such amendment would be futile.

Defendant has also moved for relief through a request styled "Opening for Bargaining Terms of Imprisonment in Light of the Recently Passed Criminal Justice Reform Bill."    ECF No. 138.    Defendant refers to P.L. § 115-391, Section 403, part of the First Step Act ("the Act").    Section 403 "clarifies" the penalty provisions of § 924(c)(1)(C)(i) by striking "second or subsequent conviction" and replacing it with "violation of this subsection that occurs after a prior conviction under this section has become final."    However, the Act specifically states that the amendments apply "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."    P.L. 115-391, Sec. 403(b).    The Act was enacted December 21, 2018.    Thus, the Act does not apply here because Defendant was sentenced in 2007, over a decade before the effective date of the Act.    Accordingly, his "request," to the extent it is intended to seek relief, should be denied.    Similarly, to the extent that it is intended to provide an additional ground for his § 2255 motion, it is without merit.

## **Conclusion**

Case Nos.: 3:06cr442/LAC/HTC; 3:16cv349/LAC/HTC

For the foregoing reasons, the undersigned finds Defendant has not shown the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit or that an evidentiary hearing is required.   Indeed, the claims are either time-barred or simply contrary to existing and prevailing law. Additionally, Defendant has not shown the proposed amendments are justified or would render a different result.   Therefore, the undersigned recommends Defendant's motion to vacate and all related motions or requests for relief be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is

also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1.      The undersigned's April 12, 2019 Report and Recommendation (ECF Doc. 141) is VACATED.

And it is respectfully RECOMMENDED:

1.      The Motion to Vacate, Set Aside, or Correct Sentence (ECF Doc. 120) be DENIED.

2.      Defendant's "Request . . . .Leave to File Amended 28 U.S.C. § 2255(f)(3) Petition" (ECF Doc. 135) be DENIED.

3.      Defendant's "Request . . . Permission to File Amended Petition for Writ of Habeas Corpus Adsubjiciendum, 28 U.S.C. § 2255(f)(3)" (ECF Doc. 136) be DENIED.

Case Nos.: 3:06cr442/LAC/HTC; 3:16cv349/LAC/HTC

4.    Defendant's "On Request . . . Opening for Bargaining (sic) Terms of Imprisonment in Light of Recently Passed Criminal Justice Reform Bill" (ECF Doc. 138) be DENIED.

5.    A certificate of appealability be DENIED.

At Pensacola, Florida, this 17th day of April, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:06cr442/LAC/HTC; 3:16cv349/LAC/HTC